**SO ORDERED.**

**SIGNED this 21 day of December, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

FREDERICK M. MCQUEEN

    DEBTOR                             CASE NO. 07-03011-8-JRL

_____

**ORDER**

This case is before the court on the motion of Frederick M. McQueen ("debtor") to strike his original Schedule I filing, to excuse him from the Schedule I filing requirement, and to set an appropriate time period to more accurately determine his "current monthly income." On December 19, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On August 17, 2007, the debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code. Debtor's Schedule I lists his average monthly income as $1,326.50, including $1,169.00 per month in social security and $157.50 in pension and retirement income. However, as a result of his receiving disability income from his employer during the six-month period preceding his filing, debtor's Form B22C lists his "current monthly income" as $2,617.17. Debtor's monthly plan payments to the trustee were based on this figure, and he is now having difficulty meeting this obligation since his actual income has significantly decreased. Debtor's present motion requests that

the court (1) strike his original Schedule I, (2) excuse him from the Schedule I filing requirement, and (3) set the six-month period from which to determine his "current monthly income" as July 2007 to December 2007.

A consumer debtor filing for relief under chapter 13 is generally required to file a Schedule I. 11 U.S.C. § 521(a)(1)(b)(ii). However, the Bankruptcy Code permits the court to excuse a debtor from this requirement. Id. § 521(a)(1)(B). Whether a debtor files a Schedule I impacts the determination of the debtor's "current monthly income" under § 101(10A). If a debtor files a Schedule I, the debtor's "current monthly income" is calculated by averaging the monthly income during a six-month period immediately preceding the bankruptcy filing. Id. § 101(10A)(A)(i). If the debtor does not file a Schedule I, the debtor's "current monthly income" may be determined using a period other than the six-month period immediately preceding the filing. Id. § 101(10A)(A)(ii).

The debtor's objective, to have his "current monthly income" calculated based on a six-month period other than the six months immediately preceding his bankruptcy filing so that it more accurately reflects his financial condition, is quite clear. However, the method he suggests to accomplish this objective is problematic. Excusing the debtor from the Schedule I filing requirement would, as the debtor requests, permit the court to set a six-month time period other than the six-month period prior to his bankruptcy filing. 11 U.S.C. § 101(10A)(A)(ii). However, excusing the debtor from this requirement might arguably subject him to the automatic dismissal provision of 11 U.S.C. § 521(i)(1), which provides: "[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case *shall* be automatically dismissed effective on the 46th day after the date of the filing of the petition."

The court recognizes that there is a solution, not advanced by the debtor, that would still bring

2

about the proper result. The court strikes the debtor's original Schedule I and Form B22C and hereby grants the debtor permission to re-file both documents by January 10, 2008. In completing the new Form B22C, the court directs the debtor to use the six-month period of July 1, 2007 to December 31, 2007. This is the period dictated by 11 U.S.C. § 101(10A)(A)(i), but it also serves the debtor's objective of providing a more accurate representation of the debtor's actual current monthly income.

"**END OF DOCUMENT**"